**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 7 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SARAH POCASANGRE GARCIA, AKA Sarah Elizabeth Pocasangre Garcia, and ANDERSON POCASANGRE GARCIA, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.    20-70307 <br><br> Agency Nos.    A208-896-689 <br> A208-896-688 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 11, 2021
San Francisco, California

Before: WALLACE, Senior Circuit Judge, Collins, Circuit Judge, and RAKOFF,**
District Judge.

Sarah Pocasangre Garcia, a native and citizen of El Salvador, petitions for

review of an order of the Board of Immigration Appeals (BIA) affirming the decision

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

of an Immigration Judge (IJ) denying asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[1] Pocasangre Garcia fears persecution by her ex-boyfriend, an alleged gang member who is the father of her son, if she is returned to El Salvador. We review for substantial evidence the agency's factual findings, applying the standards created by the REAL ID Act. *Ren v. Holder*, 648 F.3d 1079, 1083, 1089-90 (9th Cir. 2011). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.[2]

The BIA upheld the IJ's determination that Pocasangre Garcia testified credibly but failed to provide sufficient corroborative evidence to meet her burden of proof, and that what she did provide was insufficient to carry her burden. Under the REAL ID Act, if the IJ determines that evidence is necessary to corroborate otherwise credible testimony, "the IJ must give the applicant notice of the corroboration that is required and an opportunity either to produce the requisite corroborative evidence or to explain why that evidence is not reasonably available." *Ren*, 648 F.3d at 1093. Here, Pocasangre Garcia was given notice of the IJ's decision and a four-month continuance of the hearing to allow her the opportunity to obtain the requested corroborative evidence or else explain why it was not reasonably

---

[1] Pocasangre Garcia's son, Anderson, is a derivative beneficiary of Pocasangre Garcia's asylum claim.

[2] As the parties are familiar with the facts, we do not recount them here.

available. She failed adequately to do so.

In particular, substantial evidence supports the BIA's determination that Pocasangre Garcia did not adequately explain why corroborative evidence in the form of the key allegedly threatening Facebook messages from her ex-boyfriend was not reasonably available. Although Pocasangre Garcia maintains that the messages were unavailable, she never contacted Facebook for help in recovering them. A reasonable trier of fact would not be compelled to conclude that the messages were unavailable.

Substantial evidence also supports the BIA's determination that the corroborative evidence Pocasangre Garcia *did* produce, along with her otherwise credible testimony and the remaining evidence in the record, was insufficient to meet her burden of proof to establish her eligibility for asylum, withholding of removal, or CAT protection. *See Ren*, 648 F.3d at 1094. Pocasangre Garcia produced letters from her mother, her aunt, and a family friend who is a police officer in El Salvador. But the agency permissibly concluded that these letters do not provide reliable evidence of Pocasangre Garcia's ex-boyfriend's abusive behavior, and the record is otherwise lacking such evidence. A reasonable trier of fact would not be compelled to conclude that Pocasangre Garcia satisfied her burden of proof. [3]

---

[3] Because Pocasangre Garcia has failed to establish that she qualified for the requested relief, we need not review the additional reasons for the denial of her applications.

**PETITION DENIED**